Southworth v. SmithKline Beecham Phar CV-95-447-SD 07/10/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Janice Southworth;
Gregory Southworth

     v.                             Civil No. 95-447-SD

SmithKline Beecham
 Pharmaceuticals


**O R D E R**


    This matter came before the court for a hearing on a motion of the defendant SmithKline Beecham Pharmaceuticals seeking a temporary restraining order (TRO). For reasons that follow, the court denies the TRO, but makes clear that the testing by plaintiffs' experts which was the subject thereof is to comply with all prior and current orders of the court.


1. Background

    In this action, plaintiff Janice Southworth claims that her vaccination with the defendant's hepatitis B vaccine, Energix B, on October 7, 1992, was causative of the autoimmune disease known as lupus. As indicated, the present dispute between the parties centers on the testing of such vaccine by plaintiffs' experts.

    Pursuant to prior orders of this court, entered on July 16, 1996 (document 17); September 5, 1996 (document 22); and

January 14, 1997 (document 29), such testing was to take place over a period of 45 days from the date upon which the vaccine was delivered to plaintiffs' experts (document 17, at 7). The testing was to be scheduled at times mutually convenient to plaintiffs' experts and defendant's expert, as defendant's expert was to be permitted to be present at such testing. Id. The presence of defendant's expert was to include videotaping of the testing (document 29, at 4).

By further order of May 6, 1997 (document 33), the court, on the representation of plaintiffs that additional time was required to complete their testing, extended the pretrial discovery deadlines in this case. Implicit in such order was extension of the original 45-day limit for completion of such testing.[1]

It now appears that, facing the current deadlines for disclosure of expert reports, plaintiffs' experts have commenced and intend to continue additional testing without the presence of defendant's expert and videographer.[2] Accordingly, plaintiffs

_____

[1]As the court indicated at hearing, defendant's reliance on the original 45-day testing limitation is therefore without merit.

[2]It is unclear, however, how far such testing has actually proceeded. At hearing, plaintiffs' counsel advised that, due to a recent illness of plaintiff, plaintiff had been unable to provide the necessary blood for use in the additional testing and that her blood for such purpose would not be available until the

sought a TRO preventing further testing or, alternatively, a TRO preventing further testing until an evidentiary hearing could be held for the purpose of resolving the parameters of such testing.

## 2. Discussion

Where, as is here the case, a TRO is before the court on notice, it may be treated by the court as a motion for a preliminary injunction. 13 MOORE'S FEDERAL PRACTICE § 65.31, at 65-79 (3d ed. 1997); 11A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2951, at 254-55 (1995). Injunctive relief is an extraordinary remedy that can be invoked only when other action at law is unavailable. In this circuit, consideration of the appropriateness of a preliminary injunction requires the court to consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant hardships; and (4) the effect (if any) of the court's ruling on the public interest. Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996). The likelihood of success is the most important of the foregoing factors. Id. at 16.[3]

_____

middle of the week of July 14, 1997.

[3]The court finds that defendant could not win on the likelihood of success factor at this time and on the record presently before the court.

3

The court here finds that its following rulings are sufficient to obviate the need for further consideration of injunctive relief. Plaintiff's counsel has represented that the current August 2, 1997, deadline for disclosure of his expert reports has caused his experts to attempt to continue with testing without the presence of defendant's representatives. He advises that an extension of 30 days would obviate much of the problem presently before the court.

Accordingly, the court has ordered an extension of all pretrial deadlines for an additional 30 days. The court has further found and ruled that any testing done by plaintiffs' experts which was completed without notice to and the opportunity of defendant's representatives to accept or decline an invitation to be present threat will be excluded from evidence at the trial of this case. It behooves the parties to make their very best efforts to mutually accommodate each other so that the testing can go forward and be completed within the newly established deadlines.

3. Conclusion

Any further testing by plaintiffs' experts is to be conducted only on sufficient notice to defendant's representatives to permit them, if they desire to do so, to be

4

present at such testing.  Any testing that has been conducted without the opportunity of defendant's representatives, if they desired to do so, to be present thereat will be excluded as evidence at the trial of this case.  The discovery deadlines are herewith extended as follows:

a.  Disclosure of plaintiffs' expert reports from August 2, 1997, to September 2, 1997;

b.  Disclosure of defendant's expert reports from September 2, 1997, to October 2, 1997;

c.  Deadline for dispositive motions from November 15, 1997, to December 15, 1997;

d.  Completion of discovery from December 1, 1997, to January 1, 1998; and

e.  Trial schedule from February 1998 to March 1998.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

July 10, 1997

cc:   All Counsel

5